PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 5 2007

at __10__ o'clock and __51__ min. __A__ M
SUE BEITIA, CLERK

## United States District Court

for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SCHANTEL HALL           Case Number: CR 03-00494SOM-09

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 8/17/2005

Original Offense:   <u>Count 1</u>: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE 50 GRAMS OR MORE OF METHAMPHETAMINE, in violation of 21 U.S.C. §§ 846 and 841(a)(1), a Class A felony

Original Sentence:   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 27 months to be followed by 4 years supervised release with the following special conditions: 1) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 2) That the defendant provide the Probation Office access to any requested financial information.

<u>Type of Supervision: Supervised Release     Date Supervision Commenced: 4/13/2007</u>

### PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Prob 12B
(7/93)

2

**Special Condition No. 3:** *That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Standard Condition No. 3 | On 5/22/2007, the offender failed to truthfully answer the Probation Officer's inquires. |
| 2. Standard Condition No. 9 | In or about April 2007 through June 2007, the offender associated with another felon, identified as federal offender Rocky DeMello. |

U.S. Probation Officer Action:

On 5/11/2007, the Probation Office learned that the offender was associating with convicted felon Rocky DeMello, who was serving the remainder of his prison term at Mahoney Hale after having been convicted of Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846, a Class A felony. DeMello began his term of supervised release on 6/12/2007.

On 5/22/2007, the offender reported to the Probation Office and was questioned about the association with DeMello. However, she stated that they were only "acquaintances" and denied having contact with DeMello. The offender was reminded about Standard Condition No. 9 and the instruction that she is not to have contact with another felon without the permission of the Probation Office.

Nonetheless, on 6/8/2007, the Probation Office was informed that Mahoney Hale had intercepted incoming mail to DeMello that they believed was from the offender. The return address on the envelope was from "Haylee," the name of the offender's four-year-old daughter, and the address was from a post office box in Kaneohe, the city where the offender resides. The offender was contacted and instructed to report to the Probation Office.

On 6/12/2007, the offender reported as directed and was questioned about the letter. The offender admitted that she had sent the letter to DeMello and that they had been corresponding since she was discharged from Mahoney Hale and began her term of supervised release on 4/13/2007. The offender confirmed that DeMello was more

Prob 12B
(7/93)

3

than a friend and that she had hoped to continue a relationship with him and eventually transfer her supervision to Kona, where DeMello was released. The offender was verbally admonished for violating her conditions by associating with a felon without the permission of the Probation Office and for failing to provide a truthful report when questioned on 5/22/2007. She was instructed to cease all contacts with DeMello, and she was counseled as to how she could have handled this situation differently.

To the offender's credit, since her release, the offender began working full-time for Robert's Hawaii. She has been residing at her mother's residence and assumed parental responsibility of her young daughter. In addition, she is also attempting to reestablish her relationship with her young sons, who live with their father.

Based on the offender's willingness to cease contact with DeMello, coupled with the violations, the additional conditions are appropriate at this time. Attached is the signed Waivers of Hearing to Modify Conditions of Supervised Release. The offender waives her right to a hearing and to assistance of counsel. The offender agrees to the modifications of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 7/2/2007

Prob 12B
(7/93)

4

## THE COURT ORDERS:

[✓]  The Modifications of Conditions as Noted Above
[ ]  Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

_____7/2/07_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

**Special Condition No. 3:** *That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____    Signed: _____
          LISA K.T. JICHA                               SCHANTEL HALL
      U.S. Probation Officer                           Supervised Releasee

                                    06/12/07
                                    _____
                                     Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_[signature]_
Christian Kainoa Beaupre

Print Name: _Christian K. Beaupre_

Date: _6/29/07_